UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT KENNEDY, | : | Case No. 07-cv-512 |
| Plaintiff, | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | **MEMORANDUM OPINION AND** |
| CITY OF CINCINNATI, *et al.* | : | **ORDER** |
| Defendants. | : | |

This civil action is before the Court on Defendants' motion to dismiss Plaintiff's amended complaint (Doc. 14) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff's responsive memoranda (Doc. 18). The parties have consented to final adjudication by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 5). For the reasons that follow, the Court **DENIES** Defendants' motion to dismiss (Doc. 14).

### I. BACKGROUND

Plaintiff filed this lawsuit alleging that Defendants violated Plaintiff's constitutional rights by confiscating his property, and by restricting his liberty, without due process of law. Defendants are the City of Cincinnati, Cincinnati Police Officer Zucker, and David Hudepohl, a Cincinnati Recreation Commission ("CRC") swimming pool manager. Additionally, Plaintiff alleges that Defendant Hudepohl defamed Plaintiff by falsely imputing that he had engaged in serious sexual misconduct. (Doc. 12).

The allegations of the Plaintiff in the amended complaint reflect the following: Plaintiff alleges that in June 2007 he owned a pool pass which he purchased from the CRC. (Doc. 12, ¶ 6). On the afternoon of June 21, 2007, Defendant Hudepohl observed Plaintiff at the swimming pool where Plaintiff was reading a newspaper and minding his business. (*Id.* ¶ 7). Defendant Hudepohl called the police and reported that Plaintiff had been following kids from the pool area "into the woods, daily," for a week, and that he had been "kicked out [several] times, [for] lurking." (*Id.* ¶ 9). Defendant Hudepohl reported that Plaintiff was at the pool and requested that Defendant Zucker confront him. (*Id.*) Plaintiff claims that he never followed any children nor was he ever kicked out of the facility for "lurking." (*Id.* ¶ 10).

Defendant Zucker and a second officer approached Plaintiff in the pool area accompanied by Defendant Hudepohl. (Doc. 12, ¶ 13). Defendant Zucker questioned Plaintiff for approximately 15 minutes, during which time Defendant Zucker informed Plaintiff that he was "accused" of "staring" at children. (*Id.* ¶ 14). This detention occurred in plain sight of and within earshot of Plaintiff's neighbors. (*Id.* ¶ 15). Plaintiff was not charged with any crime or arrested. (*Id.* ¶ 17). Moreover, Defendant Zucker had no reasonable suspicion that a crime had been or would be committed. (Doc. 18, Ex. 1). Still, Defendant Zucker confiscated Plaintiff's swimming pool pass and ordered him to stay off all municipal land and facilities operated by the CRC. (Doc. 12, ¶ 17).

## II.     PROCEDURAL HISTORY

Plaintiff filed his complaint (Doc. 1) on July 2, 2007, asserting a claim for deprivation of civil rights pursuant to 42 U.S.C. § 1983.  On February 14, 2008, Plaintiff filed an amended complaint (Doc. 12), adding a claim for defamation and naming David Hudepohl as a Defendant.

On March 3, 2008, Defendants filed a motion to dismiss Plaintiff's amended complaint (Doc. 14), seeking dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted.  Plaintiff responded to the motion to dismiss on March 27, 2008.  (Doc. 18).

## III.    STANDARD OF REVIEW

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true.  *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  To that end, for purposes of a motion to dismiss under Rule 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted).

Thus, the test for dismissal under Rule 12(b)(6) is a stringent one, and "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); s*ee also Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1189 (6th Cir. 1996).

## IV.  ANALYSIS

### A.  Deprivation of Civil Rights in Violation of 42 U.S.C. § 1983

Defendants challenge the legal sufficiency of the amended complaint, which is premised upon 42 U.S.C. § 1983, arguing that the allegations fail to state a claim upon which relief may be granted and that Defendants are immune from suit by reason of the defense of qualified immunity.

*1.  Section 1983 Claim*

To state a cause of action under Section 1983 for violation of the Due Process Clause, a plaintiff must show that he has asserted a recognized liberty or property interest within the purview of the Fourteenth Amendment, that he was intentionally or recklessly deprived of that interest, even temporarily, under color of state law, and that the conduct of the defendant as alleged by the plaintiff was clearly unconstitutional. *Ingraham v.*

*Wright,* 430 U.S. 651, 672 (1977).

In support of dismissal, Defendants argue that Plaintiff's swimming pool pass was a license, not a property interest, and therefore could be revoked at any time. (Doc. 14). Accordingly, under Defendants' theory, the revocation of Plaintiff's pool pass license did not deprive Plaintiff of any protectable property interest or due process rights.

However, Defendants' factual contention is not based on the "four corners" of Plaintiff's amended complaint, but rather assumes facts not in evidence. Pursuant to Fed. R. Civ. P. 12(b)(6), courts are not permitted to look beyond the four corners of the pleadings when resolving a motion to dismiss. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). The Court's duty is to determine whether the defendant is entitled to prevail on a motion to dismiss based solely upon the factual allegations contained in the complaint. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Lee v. W. Reserve Psychiatric Habilitation Ctr.*, 747 F.2d 1062, 1065 (6th Cir. 1984).

The pleadings in this matter do not address the circumstances under which the City can revoke a pool pass unilaterally; therefore, Defendants' argument is beyond the four corners of the pleadings and it is not well taken in the context of a motion to dismiss. Plaintiff has alleged sufficient facts to state a cause of action under 42 U.S.C. § 1983.

*2.     Qualified Immunity*

Defendants further argue that even if Plaintiff does state a cause of action, Defendants are shielded from liability under the doctrine of qualified immunity.  The burden is on the plaintiff to show that the defendant is not entitled to qualified immunity.  *Smoak v. Hall,* 460 F.3d 768, 778 (6th Cir. 2006).  The Supreme Court has developed a two-part test to determine whether a defendant is entitled to qualified immunity.  *Saucier v. Katz,* 533 U.S. 194, 201 (2001); *see also*, *Poe v. Haydon,* 853 F.2d 418, 423 (6th Cir. 1988).  First, a court must determine if the facts taken in the light most favorable to the injured party show that the defendants conduct violated a constitutional right.  *Id.*  Second, if the court finds that such a violation has occurred, the court must determine if the right was "clearly established."  *Id.; see also, Dominque v. Telb,* 831 F.2d 673, 676 (6th Cir. 1987).  Where the right involved is clearly established, it can be inferred that the conduct is objectively unreasonable.  *Caudill v. Hollan*, 431 F.3d 900, 911 n. 10 (6th Cir. 2005).

The Court finds that Plaintiff has plead sufficient facts to overcome the qualified immunity defense at this stage.  Accepting the facts as true as alleged gives rise to findings that:  (1) Plaintiff had a cognizable property interest in his pool pass, if it was not a revokable license, which was confiscated without due process of law in violation of his constitutional rights; (2) these rights were clearly established; and (3) by inference, Defendants' conduct was objectively unreasonable.

### B. Defamation *Per Se*

Defendants further allege that Plaintiff fails to state a claim for defamation *per se*, because Defendant David Hudepohl did not "import an indictable offense" as to Plaintiff. Defamation *per se* occurs when material is defamatory on its face. *Gosden v. Louis*, 116 Ohio App. 3d 195, 206, 687 N.E.2d 481 (Summit Cty. 1996). The following categories of statements fall within the ambit of defamation *per se*: (1) words which *import an indictable criminal offense involving moral turpitude* or infamous punishment; (2) words that impute some loathsome or contagious disease which excludes one from society; and (3) words that tend to injure one in his trade or occupation. *Kanjuka v. Metrohealth Med. Ctr.,* 151 Ohio App.3d 183, 191-92, 783 N.E.2d 920 (Cuyahoga Cty. 2002).

Here, it appears that Plaintiff's allegations as to Defendant Hudepohl suggest that Plaintiff was someone who was engaging in the sexual molestation of minor boys, and, therefore, sufficiently state a cause of action for slander *per se*, given Plaintiff's assertion that such statements are untrue. Accepting the alleged facts as true, Plaintiff's claims are sufficient to state a claim for defamation *per se*.

### V. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' motion to dismiss (Doc. 14).

**IT IS SO ORDERED.**

Date: July 22, 2008

s/Timothy S. Black
Timothy S. Black
United States Magistrate Judge