UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT KENNEDY, | : | Case No. 07-cv-512 |
| | : | |
| Plaintiff, | : | U.S. Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | MEMORANDUM OPINION |
| | : | AND ORDER |
| | : | |
| CITY OF CINCINNATI, *et al.* | : | |
| | : | |
| Defendants. | : | |

This civil action is before the Court on the parties' cross motions for summary

judgment (Docs. 38, 44) and the parties' responsive memoranda (Docs. 44, 63, 34). The

parties have consented to final adjudication by a United States Magistrate Judge pursuant

to 28 U.S.C. § 636(c). (*See* Doc. 5.) For the reasons that follow, the parties' cross

motions for summary judgment are **DENIED,** but for defendants' motion for summary

judgment in favor of defendant the City of Cincinnati only, which is **GRANTED**, and

otherwise this case shall commence to trial on February 9, 2009, as scheduled.[1]

---

[1] A motion for summary judgment should be granted if the evidence submitted to the
Court demonstrates that there is no genuine issue as to any material fact, and that the movant is
entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477
U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The
moving party has the burden of showing the absence of genuine disputes over facts which, under
the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477
U.S. at 323. All facts and inferences must be construed in a light most favorable to the party
opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587
(1986).

## ANALYSIS

This is a difficult case. The fundamental issue presented is whether access to public pools is a cognizable property interest such that revoking a citizen's access without appropriate procedural due process would be violative of the U.S. Constitution. A following question is, if access to public pools is a cognizable property interest, then what procedural due process would be due when revoking access? And the next sequential issue is whether the right to access to the public pools was a clearly established right in the context of what occurred here. Finally, there are questions of defamation, qualified privilege, and actual malice. Each issue is complex, highly factually driven, hotly disputed, and all are intertwined with questions of law (and not fact).

Here, "the Cincinnati Recreation Commission is dedicated to providing recreational and cultural activities for all people in our neighborhoods and the whole community," and, accordingly, "recreation programs and facilities are open to all citizens regardless of race, gender, color, religion, nationality, sexual orientation or disability."[2] Any non-disqualified person may purchase a pool pass for $10.00 and gain access to the public pools.[3] The recipient of a pool pass covenants to be bound by the rules and regulations attendant to use of the Cincinnati Recreation Commission's pools. [4]

---

[2] *See* Mission Statement of the Cincinnati Recreation Commission; *see also* Ex. 11 to Deposition of J. Yemaya. (2007 Booklet of CRC Rules governing the Aquatic Division) (Doc. 54).

[3] Ex. 11 to Depo. of J. Yemaya. (2007 Booklet of CRC Rules governing the Aquatic Division) (Doc. 54).

[4] *Id.*

So, is access to the public pools a cognizable property interest? Alas, "[t]here can be no precise definition of a property interest, since it is one of the constitutional concepts purposely left to gather meaning from experience."[5] Nonetheless, the decided cases have established basic principles to identify those property interests which rise to a level warranting constitutional protection.

"To have a property interest in a benefit a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."[6] Here, the City pools being open to all persons who do not possess a disqualifying condition, and plaintiff having been an approved purchaser of a pool pass, plaintiff had a legitimate claim of entitlement to access to the pools and not merely a unilateral desire for access.

Accordingly, the Court finds that access to the public pools constitutes a cognizable property interest.[7]

However, the cognizable property interest plaintiff possessed was merely in a revokable license. And the license could be revoked for good cause under the rules and regulations attending the license.

---

[5] *Banks v. Black*, 700 F.2d 292, 295-96 (6th Cir.), *cert denied*, 464 U.S. 934 (1983) (quoting *Nat'l Mut. Ins. Co. v. Tidewater Transfer Co., Inc.*, 337 U.S. 582, 646 (1949) (Frankfurter, J., dissenting).

[6] *Id.* at 296.

[7] *See, e.g., Barry v. Barachi*, 443 U.S. 55, 64 (1978) (a horse trainer has a cognizable property interest in a horse race trainer's licence sufficient to invoke the protection of the due process clause); *Dixon v. Love*, 431 U.S. 105, 112-16 (1977) (due process clause applies to deprivation of a driver's licence by the state); *Banks v. Black*, 700 F.2d 292, 295-98 (6th Cir.), *cert denied*, 464 U.S. 934 (1983) (food stamp recipients have a cognizable interest in benefits during their unexpired certification period).

Here, whether or not the facts evidence a revocation for good cause under the inherent rules remains in dispute. The jury will need to determine the facts as to the unfolding of the revocation.

What process would be due appears to be a question of law. However, what process was afforded and what appeal process existed, if any, remain disputed questions of fact. The jury will need to determine the facts as to what procedural process was afforded or available – pre-revocation and post-revocation. It would appear that minimal pre-revocation procedural due process would be required, if any, and the jury must sort through the facts as to whether or not, pre-revocation, plaintiff was afforded notice and a fair opportunity to confront the evidence against him and tell his side of the story. Moreover, the jury will need to determine further if plaintiff had any post-revocation avenue of appeal.

The jury's intervention is required to resolve the disputed facts before the Court can resolve the questions of law. It would appear that all that procedural due process would require in the context of revocation of a pool pass would be notice of a hearing, a fair hearing, and an opportunity to confront the evidence.[8]

As to the defense of qualified immunity, plaintiff must show: (1) that defendants Hudepohl and Officer Zucker violated his rights; and (2) that the rights were clearly

---

[8] See *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542-46 (1971) ("the formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of subsequent proceedings" . . . and a tenured public employee to whom a post-termination hearing is available is entitled merely to "oral or written notice of the charges against him, an explanation of the employer's evidence, and the opportunity to present his side of the story.")

established.[9]  Here, although the law appears clearly established that a cognizable

property interest in access to the public pools cannot be revoked on a whim without a

modicum of procedural due process, entry of judgment regarding qualified immunity

must await the jury's resolution of the disputed facts as to the process afforded.  The

pretrial record sets forth genuine issues of material facts for trial as to qualified

immunity.[10]

As to the defamation claim, plaintiff presents a *prima facie* case.  In response,

defendant Hudepohl proffers evidence of a qualified privilege.  Thus, if the jury

concludes on the facts that the defendant acted in good faith, in seeking to uphold a

legitimate interest, and that his statement was limited to upholding that interest, and that

the occasion of the statement was proper, and that the publication of the statement was

made in the proper manner to the proper parties, then defendant will have established his

qualified privilege.[11]  In the face of that, plaintiff must present clear and convincing

evidence that defendant acted with actual malice.[12]  The jury's intervention is required to

determine the facts as to the elements of the qualified privilege.  And whether defendant

Hudepohl acted with actual malice also awaits resolution of the disputed facts.

---

[9] *Thacker v. Lawrence County*, 182 Fed. Appx. 464, 468-69 (6th Cir. 2006) (citing *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310-11 (6th Cir. 2005)).

[10] *See McKenna v. City of Royal Oak*, 2006 WL 3408190, at *2 (6th Cir. Nov. 28, 2006).

[11] *Jackson v. City of Columbus*, 117 Ohio St.3d 328, 331 (2008) (quoting *Hahn v. Kotten*, 43 Ohio St.2d 237, 246 (1975)).

[12] *Id.* at 331.

Notwithstanding the foregoing, one issue which can be resolved as a matter of law upon the pre-trial record is that the defendants' motion for summary judgment is well-taken as to the claims alleged against the City of Cincinnati. Plaintiff's claims against the City of Cincinnati are based solely upon actions taken by city employees, but as there is no liability pursuant to *respondeat superior* for claims brought under 42 U.S.C. § 1983,[13] plaintiff's claims against the City fail as a matter of law. Accordingly, the Court hereby **GRANTS** summary judgment for the City of Cincinnati against the Plaintiff and dismisses the City as a defendant.

Otherwise, the parties' cross motions for summary judgment are **DENIED**, and the case shall commence to trial on February 9, 2009, as scheduled.

**IT IS SO ORDERED**.

Date: 1/12/09

Timothy S. Black
United States Magistrate Judge

---

[13] *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).